DRAGOO *v.* GRAHAM.

Suit upon the transcript of a judgment rendered by a justice of the peace in the State of *Ohio.* The judgment appeared to have been rendered by confession, the transcript reciting: "Now comes *A.,* with a power of attorney to confess judgment; whereupon the defendant, by his attorney, waived the issuing and service of process, and confessed judgment," &c. The transcript was certified to be a full, true and complete copy, &c., by a justice of the peace of "*Ashland,* formerly *Richland,* county, *Ohio;*" who further certified that he had the legal custody of the docket in which said judgment was recorded. A certificate was appended by the clerk of *Ashland* county, stating that the justice whose certificate was attached to the transcript was an acting justice of said county, duly commissioned, &c., and that his signature was genuine, and his certificate in due form of law, &c. A certificate was also attached by the clerk of *Richland* county, stating that the justice before whom said judgment was rendered, was, at the time, an acting justice of the peace of *Richland,* now *Ashland,* county, duly qualified, &c.

*Held,* that though the record of the justice was informal, and perhaps irregular, it was sufficient as the basis of an action, and sufficiently showed that the justice had acquired jurisdiction of the person of the defendant.

*Held,* that the certificates to the transcript were in due form of law, and the transcript was, under 2 R. S. 1852, § 279, pp. 90, 91, admissible in evidence, without the authentication of a judge.

APPEAL from the *Lagrange* Common Pleas.

*Wednesday, December 11.*

DAVISON, J.—*Graham* brought an action against *Dragoo,* alleging in his complaint that on *April* 16, 1840, before *William Devine,* a justice of the peace of *Richland* county, and State of *Ohio,* he recovered a judgment against *Dragoo,* for $33.65; a copy of which is filed, &c. Proper issues having been made, the cause was submitted for trial to the court. Finding for the plaintiff. New trial refused; and judgment, &c.

During the trial, the plaintiff offered in evidence the following transcript, with its authentications:

"FRANCIS GRAHAM } Action of debt; cognovit, dated *Dec.*
*v.* } 17, 1839, given for $33.05; interest,
FREDERICK DRAGOO. } $0.60; demand, $33.65.

"*April* 10, 1840. Comes *S. Robins,* with a power of

Nov. Term,
1861.

Dragoo
v.
Graham.

attorney to confess judgment. Whereupon the defendant, by his attorney, waived the issuing and service of process, and confessed judgment for the above demand. And it is therefore considered by me, that the plaintiff recover of the defendant, $33.65, debt, and costs of suit," &c.

"State of Ohio, Ashland,
      formerly Richland, County:

"I, *William Millingham*, a justice of the peace, within and for the township of *Montgomery*, in said *Ashland*, formerly *Richland*, county, *Ohio*, do hereby certify that the foregoing is a full, true and complete copy of the proceedings and judgment in the above entitled cause, from the docket of *William Devine*, late justice of the peace in the township and county aforesaid, of which docket I have the legal custody.

"Witness my hand and seal, this *February* 4, 1854.
           "William Millingham, [seal.]
               *Justice of the Peace.*"

"State of Ohio, Ashland County:

"I, *John Sheriden*, clerk of the Court of Common Pleas, within and for the county aforesaid, certify that at the date of the certificate and copy of the annexed judgment, the said *William Millingham* was an acting justice of the peace in and for said county; and, as such, duly commissioned and qualified, and authorized by the laws of this State to make the same; and that I am acquainted with his handwriting, and verily believe that the signature is genuine. And I further certify that the said instrument and certificate are executed according to the existing laws of this State.

"In testimony whereof, I have hereunto set my hand and the seal of our Court, at *Ashland*, this *February* 18, 1854.
           "J. Sheriden, *Clerk.*" [seal]

"State of Ohio, Richland County, sct:

"I, *C. A. Croninger*, clerk of the Court of Common Pleas, within and for the county of *Richland*, and State of *Ohio*, certify that *William Devine* was, on the 10th of *April*, 1860, at the time the proceedings were had, and judgment

rendered in the within entitled cause, a justice of the peace of said *Richland* county, (now *Ashland* county,) duly commissioned and qualified to act as such; and to all whose official acts, as such, full faith and credit are due; and that said proceedings were had in conformity to the laws of the State of *Ohio*.

"In witness whereof, I have hereunto subscribed my name, and affixed the seal of said Court, at *Mansfield*, this 20th of *February*, 1854.

"C. A. CRONINGER, *Clerk.*" [SEAL.]

The introduction of this transcript was resisted, on five grounds: 1. It contains no reference to State or county. 2. It was not authenticated by a presiding judge. 3. The record ought to show that there had been notice to the defendant of the pendency of the action, or it should contain enough of the power of attorney to show that it authorized the judgment to be confessed. 4. There is no certificate of the clerk of *Ashland* county to show that the person who rendered the judgment was a justice of the peace. 5. The justice of *Ashland* could not have the legal custody of the docket of a justice of *Richland* county; and the certificate of the clerk of *Richland* county is a nullity. The Court admitted the evidence, and the defendant excepted. And thereupon the plaintiff gave in evidence a statute of *Ohio*, conferring jurisdiction upon a justice in cases such as that set forth in the transcript.

The objections to the admission of the transcript as evidence in the case, are, it seems to us, not well taken. The judgment rendered by the justice is, it is true, informal, and may be irregular; still, we deem it a proper basis on which to found an action. The township, county, and State in which the judgment was rendered, sufficiently appear in the certificate of the justice; and it is enough that the transcript, on its face, shows that the defendant, by his attorney, "waived the issuing and service of process." This is considered a sufficient answer to the first and third objections. The second, fourth and fifth grounds of objection relate to the certificates of the clerks, and to the authentication of the transcript.

*Nov. Term, 1861.*

DRAGOO
v.
GRAHAM.

Nov. Term,
1861.

We have a statute which says: "Copies of the proceedings and judgments of any justice of the peace of any State or territory of the *United States*, certified by the justice, under his hand and seal, before whom the proceedings were had, or judgments rendered, or his successor in office, or other justice having the legal custody thereof, that the same are true and complete copies of the proceedings or judgments, with the certificate of the clerk, &c., of any court of record of the county, &c., where such justice shall hold his office, certifying, under the seal of said court, that the justice was, at the time when the proceedings were had, or judgment rendered, and when the copy was taken, duly commissioned and qualified to act as such, shall be admissible as evidence in any of the courts of this State." 2 R. S., § 279, pp. 90, 91.

This statutory rule evidently applies to the case at bar. The certificate of the clerk is in due form, and, without the authentication of a judge, was sufficient to authorize the admission of the transcript as evidence. And the justice who makes the transcript certifies it to be a full and complete copy, &c., and that the docket from which it was taken is legally in his custody. This seems to be a full compliance with the statute. And further, in the absence of contrary proof, we must intend that *Montgomery* township, though in *Richland* county when the judgment was rendered, was legally within *Ashland* county when the transcript was issued.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*A. Ellison*, for the appellant.